[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence August 30, 1994 Date of Application August 30, 1994 Date Application Filed September 13, 1994 Date of Decision June 27, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham at Willimantic. Docket No. CR-94-87097.
Matthew Davis, Esq., Public Defender, for Petitioner.
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner was given a five year sentence for assault in the 2nd degree in violation of C.G.S. § 53a-60 as a result of a guilty plea in connection with an assault on his girlfriend. According to the record, petitioner struck the 26 year old victim in the head causing the victim's jaw to be broken on the right side and fractured on the left side. The sentence was imposed pursuant to a no recommendation agreement between the state's attorney and defense counsel.
The petitioner's counsel asks the division to note that the incident arose while his client was abusing alcohol, apparently with the victim. Employed at the time of the crime, the petitioner was in the AIC program for three months prior to his sentencing and, according to his attorney, he was compliant with AIC conditions. However, his aunt died and he suffered from what his attorney said was "trauma" which resulted in his failure to report as ordered. The division is asked to consider the fact CT Page 7953 that the victim did not want the petitioner jailed for this offense. She felt he needed help for his alcohol abuse but that incarceration was unnecessary and we are requested to reduce the sentence.
The assistant state's attorney asks that we affirm the sentence and points out that at the time of the sentencing, the petitioner had three other files pending in which he was exposed to another 2 1/2 years. He says the sentencing court gave no consideration to the petitioner because he did not deserve consideration. Additionally, the state points out that the petitioner's record covered three states and included a history of violence that dates back to 1977. He was given probation on five different occasions and he was uncooperative in treatments programs, including AIC for which he failed to report after only two months from the date of his arrest. The attorney for the state suggests the division affirm the maximum sentence imposed.
The petitioner's presentence report underscores his violent criminal history, his unwillingness to cooperate with the AIC conditions and his need for long term incarceration. The PSI's author suggests a lengthy period of incarceration.
At his sentencing, the court took note of the petitioner's extensive criminal record and imposed the maximum sentence.
After carefully reviewing the petitioner's charge, the facts surrounding the incident, the extent of the injuries to the victim and his violent criminal background, the division concludes that the sentencing court properly considered the factors enunciated in P.B. § 942. We find that the sentence was not disproportionate or excessive.
SENTENCE AFFIRMED.
STANLEY, J.
PURTILL, J.
NORKO, J.
Stanley, J., Purtill, J. and Norko, J. participated in this decision. CT Page 7954